UNITED STATES *v.* RODIER, INC. (No. 3914.)[1]

[1] T. D. 48196.

United States Court of Customs and Patent Appeals, February 24, 1936

*Joseph R. Jackson*, Assistant Attorney General (*Webster J. Oliver*, special attorney, of counsel), for the United States.
*John R. Rafter* for appellee.

[Oral argument December 4, 1935, by Mr. Oliver and Mr. Rafter]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GARRETT, Judge, delivered the opinion of the court:

This is a reappraisement proceeding in which the Government has appealed from the decision and judgment of the United States Customs Court, Third Division, affirming the judgment of a single judge, sitting in reappraisement, sustaining the values claimed by the importer to be the correct dutiable values of certain woolen dress goods imported from France into the United States through the port of New York under the Tariff Act of 1930.

It appears that the judgment appealed from was rendered in a test case and that there are numerous other appeals pending involving so-called duress entries, all of which are said to be dependent upon the final decision in the test case.

The entry in the test case was made March 10, 1932, being entry 824384, reappraisement 106712–A (collector's No. 01678).

It is agreed that the correct basis for the finding of dutiable value is foreign value as defined in section 402 (c) of the Tariff Act of 1930, reading:

(c) FOREIGN VALUE.—The foreign value of imported merchandise shall be the market value or the price at the time of exportation of such merchandise to the United States, at which such or similar merchandise is freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States.

The ultimate issue to be determined, therefore, is whether the correct foreign value, as "foreign value" is defined in the quoted section, is that found by the trial judge and approved by the Appellate Division or that found by the local appraiser.

What may be designated as the principal finding by the Appellate Division is:

That the usual wholesale quantities in which such or similar merchandise is sold in the markets of France in the ordinary course of trade is the basic price for 100 meters per color for yarn-dyed fabrics or 300 meters per pattern for piece-dyed fabrics.

The Government in its application to the United States Customs Court for review of the decision of the single judge, presented numerous assignments of error, and the assignments of error upon the appeal to this court follow closely those there alleged.

One group of such assignments relates to the admission as evidence of certain affidavits and testimony, and these assignments will be first considered.

Of the affidavits challenged, three, designated in the record as Exhibits 2, 3 and 4, respectively, are by persons who stated that they were connected with different French manufacturers and sellers of woolen dress goods, and two, designated respectively as Exhibits 5 and 6, are by persons who testified that they were connected with French firms engaged in buying woolen dress goods in France. A sixth affidavit challenged, designated in the record as Exhibit 7, is that of Paul Rodier, "managing director of Rodier of No. 3 Rue des Moulins, Paris, France," exporter of the dress goods whose appraisement is here involved. The testimony of which complaint is made comprises a portion of the testimony of one Chas. F. Rocoffort which seems to have been given before the trial judge at a session held by him in New York for the special purpose of taking same. The witness stated that he was "manager of Rodier, Paris."

Objection was made by Government counsel to the admission of all the foregoing items of evidence at the time they were offered before the single judge, and exceptions were duly taken to his rulings admitting them.

In the decision of the single judge there was no discussion of these items, but in the decision of the Appellate Division, all of them are analyzed with a statement of their substance. Of Exhibits 2–6, inclusive, the latter tribunal correctly states:

* * * These affidavits are to the effect that within the personal knowledge of each affiant in the sale of similar merchandise of other manufacturers, including Rodier, the usual wholesale quantity is 100 meters per color for yarn-dyed fabrics, or 300 meters by pattern for piece-dyed fabrics, and that these quantities are the usual wholesale quantities offered for sale, irrespective of the nature of the business of the purchaser.

A portion of the affidavit of Rodier, Exhibit 7, and that part of the testimony of the witness Rocoffort complained of by the Government, are the same in purport as the foregoing.

The principal objection urged by the Government to the evidence challenged seems to be based upon the claim that the statements of the affiants and the witness respecting "such and similar" goods were not evidence but merely legal conclusions. It is argued that no samples of woolen dress goods made by Rodier were produced for comparison with those made by other French manufacturers, and that "there is no evidence of similarity at all." As to the testimony of the witness Rocoffort relative to the trade customs in France, the Government urges that "is without weight," in that he "had not been qualified as to intimate knowledge of the business of all the other woolen dress manufacturers in France."

It is proper to remark at this point that it is not a function of this court to determine the weight of evidence in reappraisement proceedings. That is the exclusive function of the reappraising tribunals. *United States* v. *T. E. Ash et al.*, 22 C. C. P. A. (Customs) 395, T. D. 47401; *Golding Bros. Co., Inc.* v. *United States*, 22 C. C. P. A. (Customs) 590, T. D. 47585.

Our concern with the phase of the issue now under discussion is limited to two questions of law; first, was it error to admit the affidavits and testimony complained of, and, second, if properly admitted, do they constitute any substantial evidence to support the findings of the Appellate Division relative to trade practices in France?

Upon the first question, we think it was not error to admit the affidavits and testimony challenged. Section 501 of the Tariff Act of 1930 makes express provision for the admission "in evidence," in reappraisement proceedings, of "affidavits and depositions of persons whose attendance can not reasonably be had." There is nothing to indicate that the personal attendance of the affiants, all apparently residents of France, could reasonably have been had at the trial; indeed the Government makes no contention with respect to this particular point. The witness Rocoffort, as has been stated, testified in open court before the trial judge.

The reason for the admission of the challenged matter in evidence is stated in the decision of the Appellate Division to have been "as tending to establish the methods of doing business in the markets of France."

We think evidence upon the methods of doing business in a country from which merchandise is exported to the United States is entirely proper in order that those having to do with the appraisement of such merchandise may know what "are usual wholesale quantities" and what is the "ordinary course of trade." So far as the admission of the challenged matter is concerned, therefore, the assignments of error on the part of the Government are overruled.

The second question is whether the affidavits and testimony complained of contain any substantial evidence to support the facts for the proving of which they were offered and admitted, and the Government's contention with respect to similarity not having been established between the woolen dress goods of Rodier and those of other French manufacturers is really more applicable to this question than it is to the question just disposed of.

The Appellate Division says:

> We have carefully examined the questions expounded by counsel for the importer complained of and also the affidavits numbered 2 to 7, inclusive, and find that they present proof of the trade practice of manufacturers and dealers in the wholesale woolen dress goods trade in France and are admissible in evidence to that end. The questions propounded by counsel for the importer tend to establish the similarity of the importers goods to that manufactured by other wool dress goods manufacturers in that there is a wool dress goods market in France having a definite policy in the sale of their goods at home and abroad.

For emphasis, we repeat that the reappraising tribunals—ultimately the Appellate Division (when appeal to it is taken)—of the United States Customs Court must exclusively determine all factual questions, and whenever this court is able from their decisions to see that all competent evidence has been admitted and considered, we do not concern ourselves with their findings of fact, if there be any substantial evidence to support such findings.

We have examined the affidavits and testimony alleged by the Government not to furnish any substantial evidence in support of the Appellate Division's findings of fact as to the trade practices in woolen dress goods in the markets of France, and we are unable to agree with the Government's contentions in that regard. We think the affidavits and the testimony are sufficiently specific as to the similarity of the woolen dress goods manufactured by Rodier and those manufactured by other manufacturers in France, to constitute some substantial evidence of similarity, and the same having been weighed and accepted by the Appellate Division, it is beyond our province to interfere with its decision upon that point.

It is not inappropriate to state that the Government did not introduce any evidence whatever with respect to the general trade practices relative to woolen dress goods in the French market. It did introduce a report of an acting assistant Treasury attaché made to the United States Commissioner of Customs, but this report, insofar as it relates to trade practices, deals with the practices in Rodier's establishment only. Of this report the Appellate Division says that it—

shows that the manufacturer [Rodier] regarded the ordinary wholesale quantity to be as stated by all of the plaintiff's [importer's] witnesses.

This seems to be true but in itself it would seem to show only that Rodier made the same statements to the attaché that were contained in his affidavit, Exhibit 7, and as an independent statement it is of little aid upon the question of French trade practices generally.

In view of the evidence presented on behalf of the importer it is our thought that, if the Government could have presented any testimony rebutting the statements of the affiants and the witness, the same should (and, we apprehend, would) have been offered.

However that may be, the assignments of error based upon the claim that the affidavits and testimony do not present any substantial evidence upon the point involved are also overruled.

Concretely stated, the question to be determined here is whether there is substantial evidence in the record that the usual wholesale quantities in which woolen dress goods, such as or similar to the goods involved, are freely offered for sale, in the ordinary course of trade, to all purchasers in the principal markets of France, consists of quantities of 100 meters for yarn-dyed goods and 300 meters for piece-dyed goods.

If the answer be in the affirmative, the decision of the Appellate Division so answering it must be affirmed; if in the negative, the decision must be reversed.

Because of certain views expressed in the brief on behalf of appellant stating counsel's conception of the issue, it should be said that determination of the foregoing question may not be predicated upon the sales or offers of sales made by Rodier alone. According to the record, Rodier is but one of several manufacturers and sellers of such or similar goods and, under such circumstances, no particular practice of his can be taken as the sole criterion. The general practice of the trade must be considered.

For this reason we do not deem it necessary to enter here upon a prolonged discussion of the practice in the Rodier establishment. It may be looked to, as it evidently was by the Appellate Division, simply as a part of the general trade practice.

The Appellate Division makes the following comment:

The record shows that the single piece per pattern is not usually regarded in France as a wholesale quantity; that the ordinary wholesale quantity is from 100 meters to 300 meters; that both from the volume of business and the number of transactions, including offers and sales, most of the business in the wholesale dress trade in France is done in quantities from 100 to 300 meters. All of the affidavits state that from 100 to 300 meters are recognized and accepted in the French market as the usual wholesale quantities, and that such quantities are never considered unusual. Affidavit of Rodier shows that it has been the custom in the markets of France for almost a half century to regard a wholesale quantity as more than a single piece of one pattern and color and that a wholesale quantity is ordinarily 100 meters to 300 meters and that sales in the French markets in such quantities by far outnumber and greatly exceed in volume the business done in that trade in smaller quantities.

While the accuracy of certain of the foregoing conclusions is questioned in the brief and particularly in the oral argument on behalf of the Government, we, as has been already indicated, feel that they are supported by some substantial evidence.

It is urged quite vigorously on behalf of the Government that there was a failure on the part of the importer to show sales or offers of sales in the quantities named "at the time of exportation," and there is one assignment of error in the appeal to us which possibly may fairly be construed to relate to this point. In the assignments of error filed with the appeal from the decision of the single judge to the United States Customs Court, however, we do not find any specific reference to the question and the Appellate Division does not specifically discuss it, but the clause is included in its finding of fact, and, as of course, it is implicit in its decision taken as a whole.

Upon this point as upon other matters heretofore discussed, we think there is some substantial evidence to support the finding.

No error of law being found in the Appellate Division's decision, the same is *affirmed*.

BLAND, J., concurs in the conclusion.